## IN THE UNITED STATES DISTRCIT COURT OF KANSAS

| | |
|---|---|
| GARY ROSS )<br>    **Plaintiff,** )<br> )<br>v. )<br> )<br>PENTAIR )<br>    **Defendant.** ) | Case No. 2:18-cv-02631-CM-JPO |

### **PLAINTIFF'S MOTION TO COMPEL**

Pursuant to District of Kansas Local Rule 37.1 and 37.2, Plaintiff respectfully requests this Court's Order compelling Defendant Pentair to respond to Plaintiff's written discovery. In support of his Motion to Compel, Plaintiff states as follows:

Plaintiff is employed by Defendant as an assembler and alleges he was discriminated against by management in the form of lost job opportunities and arbitrary discipline in comparison with non-African American similarly situated employees.

Plaintiff issued written discovery to Defendant on or about March 26, 2020. After several extensions, Defendant issued their responses to Plaintiff's discovery on or about May 15. Defendant provided Plaintiff with additional discovery on or about June 5 which was the close of discovery per the original scheduling order. Defendant objected to 18 of 21 interrogatories and 33 of 37 Request for Production of Documents ("RFPs"). The responses at issue are contained in (1) Defendant's Answers to Plaintiff's First Interrogatories, attached hereto as **Exhibit A**; and (2) Defendant's Answers to Plaintiff's First Request for Documents, attached hereto as **Exhibit B**. On or about the night of June 21, 2020, Plaintiff issued Defendant with a Golden Rule Letter detailing the issues with each and every response in question. See Golden Rule Letter dated June 21, 2020 as **Exhibit C**. Accordingly, Plaintiff advised Defendant in said letter which was emailed

to opposing counsel that the could contact Plaintiff's counsel to discuss any issues if they wished to do so.  However, Defendant's counsel never reached out to Plaintiff's counsel regarding the discovery dispute until this Court issued its Order on or about June 29, 2020.  In said correspondence, Defendant's counsel advised that they'd be responding to the Golden Rule letter on Thursday.  See email correspondence with opposing counsel, attached hereto as **Exhibit D**.

As of the close of business on July 2, and Plaintiff's counsel has not been able to contact opposing counsel to discuss the discovery issues at hand.  Plaintiff's counsel has placed calls to both Defendant's counsel of record on numerous occasions and has not received any response.  See Affidavit, attached hereto as **Exhibit E**.

Information must be shown to be relevant, not admissible, to be discoverable. Discoverable information in civil cases includes "any unprivileged matter that is relevant…." Fed.R.Civ.P. 26(b)(1). Documents and other requested information need not be admissible, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The information sought by Plaintiff is relevant and not privileged, so it is discoverable. Accordingly, this Court should order Defendant to respond. Defendants asserted relevance and/or some form of proportionality objections to fifteen (15) interrogatories (see 2, 4-12, 14, 16, 19, 20-21) and 27 RFPs (see 3-21, 24, 28-30, 33-35, 37).

When addressing overly broad objections to discovery requests, courts have limited the geographic scope of discovery. *White v. Graceland College Ctr.*, 586 F. Supp. 2d 1250, 1257 (D. Kan. 2008). In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on "the source of the complained discrimination—the employing unit or work unit." *Id.*  Here, Defendant has global locations however, Plaintiff limited

his requests the work location he is employed at in Kansas City, Kansas. Defendant did not produce an documents or information related to any other employees.

Fed.R.Civ.P 26(b)(5) also requires you to "describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Satisfying Rule 26(b)(5) "is typically done in the form of a privilege log." *Shoemake v. McCormick*, *Summers & Talarico, II, LLC*, 2011 U.S. Dist. LEXIS 131736, at *12-13 (D. Nov. 15, 2011). Defendant asserted some form of privilege in at least eight (8) interrogatories (see 1-3, 5, 12, 14-16) and 16 RFPs (see 1-2, 6-11, 13-14, 19, 21, 28, 33, 35-36).

Plaintiff has sufficiently limited the scope of the discovery requested and is entitled to the information and documents sought to have a fair and reasonable opportunity to prosecute his case.

WHERFORE, Plaintiff respectfully requests this Court's Order compelling Defendant Pentair to respond to Plaintiff's written discovery requests in accordance with this motion, and for such other relief the Court deems just and proper.

Respectfully Submitted,

*/s/ Gerald Gray II*

Gerald Gray II, KS #26749
**G. GRAY LAW, LLC**
104 WEST 9TH STREET, SUITE 401
KANSAS CITY, MO 64108
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July 2020, a true and accurate copy of the foregoing was filed via the Court's ECF system which also sent notice via electronic mail to the following counsel of record:

Jeffrey M. Place (KS #17977)
Sara K. McCallum (KS #26690)
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Phone: 816-927-4400
EMAIL:jplace@littler.com
EMAIL:smccallum@littler.com

**Attorneys for Defendant Pentair**

/s/ *Gerald Gray II*
**ATTORNEYS FOR PLAINTIFF**