## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | | |
|---|---|---|
| **GARY ROSS** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-cv-02631-HLT-JPO** |
| | ) | |
| **PENTAIR** *et al.* | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S ANSWERS TO PLAINTIFF GARY ROSS' FIRST INTERROGATORIES

Defendant Pentair Flow Technologies, LLC, ("Pentair" or "Defendant"), makes the following answers to Plaintiff's First set of Interrogatories to Defendant.

## INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1:**  Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with preparing you answers to these interrogatories and accompanying Request for Production, other than your attorney.

**ANSWER: Defendant responds that each of these Interrogatory answers were prepared by counsel, and all communications in the completion of the answers are protected from disclosure by the attorney client privilege and work product doctrine.  A verification will be provided consistent with the requirement of Fed. R. Civ. P. 33(b)(5).**

**INTERROGATORY NO. 2:**  State whether Plaintiff, or anyone named or  identified in Plaintiff's petition for damages was ever investigated, disciplined, warned, written-up, suspended, or placed on a performance improvement plan. If the answer is in the affirmative, identify each individual involved in issuing the discipline, warning, write-up, suspension, action plan or performance

improvement plan, the date for each such action, and the reason for each such action. Identify each individual by name, last known address and phone number, position and dates of employment.

**ANSWER: Defendant objects to the Interrogatory as overly broad and unduly burdensome and because it seeks information not relevant or proportional to the claims and defenses at issue in this case.   The disciplinary history of employees other than Plaintiff are not at issue.  Defendant further objects because the Amended Complaint does not identify other employees.**

**Pursuant to Rule 33(d)(1), Defendant produced Plaintiff's disciplinary records and human resources records of nonprivileged investigations of issues raised by or about Plaintiff from which the answers to this Interrogatory may be ascertained just as easily by Plaintiff.**

**INTERROGATORY NO. 3:**  Please provide the factual basis and individually identify each document supporting each affirmative defense asserted by Defendant in their answer (including but not limited to statements, affidavits, etc.  Please include the identity of the individual providing the statement or affidavit such as their name, last known address, phone number, date of birth, dates of employment, and position(s) held).

**ANSWER: Defendant objects to this Interrogatory to because it violates the work product doctrine in that it seeks the mental impressions of counsel.  Parties have no obligation in discovery or otherwise to disclose the purpose for which they will use documents.  Defendant further objects to this Interrogatory as premature.  Defendant anticipates facts, testimony, and documents revealed through the discovery process will provide factual bases for its affirmative defenses.  Defendant further objects to the Interrogatory as overbroad and unduly burdensome insofar as it seeks a basis for affirmative**

defenses to claims that were dismissed by the Court and seeks the identity of every document that supports Defendant's defenses.  Defendant anticipates it will support its position with documents produced by both parties in discovery.

The factual bases for Defendant's affirmative defenses are summarized below:

Paragraph 1:  July 26, 2015 is four years prior to the date the Complaint was filed alleging violations of Section 1981.

Paragraphs 2 – 5, 10: Plaintiff did not bid on Assembly Repair Machinist or Impeller Cell positions during the statutory period.  Jobs at the Kansas City facility are awarded based on bids, pursuant to the terms of the Collective Bargaining Agreement.  See PENTAIR GR 000047-127.  Any discipline issued to Plaintiff was based on Plaintiff's conduct, and specifically on his violations of Pentair's policies.  *See* Plaintiff's personnel records (PENTAIR GR 000001-46) and Defendant's policies (PENTAIR GR 000141-162).  Plaintiff is a current employee who has not suffered any adverse employment action.

Paragraph 7:  See Defendant's policies at PENTAIR GR PENTAIR GR 000141-162 and nonprivileged records of investigations of issues reported by or about Plaintiff.

Paragraph 9:  See the Collective Bargaining Agreement at PENTAIR GR 000047-127.

INTERROGATORY NO. 4:  Please identify all other civil actions, lawsuits, arbitrations, administrative charges, filings, or other claims asserted against Defendant you which you have been a party (including but not limited to claims for discrimination, retaliation, personal injury, and other torts or civil claims for damages) within the past ten (10) years, whether before local, municipal, county, state, or federal commissions, agencies, or court.  For each civil action, lawsuit,

arbitration, administrative charge (including charges of discrimination), filing, or claim identified, please state the date of the filing, place of filing and case number for each claim and the nature of each claim asserted.

**ANSWER: Defendant objects to this Interrogatory as overly broad and unduly burdensome and because it seeks information not relevant or proportional to the claims and defenses at issue in this case. The request is not limited to claims that are relevant to Plaintiff's claim that he was discriminated against based on his race. For example, personal injury claims asserted against Defendant have nothing whatsoever to do with the claims or defenses at issue in this lawsuit. The Interrogatory does not have an adequate temporal limitation, nor is it limited to claims arising from the facility where Plaintiff works.**

**Defendant will produce charges of discrimination based on race and Petitions alleging race discrimination filed by employees at the Kansas City facility during the statutory period. *See* PENTAIR GR 000166-174.**

**INTERROGATORY NO. 5:** State whether Plaintiff satisfactorily performed his job duties to Defendant's satisfaction for all positions held. If not, please itemize with specificity all facts and documents supporting your contention that Plaintiff's job performance or conduct was inadequate or unsatisfactory and for each criticism of Plaintiff's job performance and/or conduct identify by name, address, and phone number each individual providing said criticism of Plaintiff's job performance and/or conduct.

**ANSWER: Defendant objects to this Interrogatory as overly broad and unduly burdensome and because it seeks information that is not relevant or proportional to the claims in this case. The Interrogatory is facially overbroad in its request for "all facts and**

documents" for any criticism of Plaintiff over the course of his employment. The Interrogatory is not limited in time, and Defendant has employed Plaintiff for more than 25 years.  The majority of his employment is not at issue in this case and is outside the statutory period. Defendant further objects to providing contact information for managers and supervisors, who may be contacted through counsel.

Pursuant to Rule 33(d)(1), Defendant produced Plaintiff's disciplinary records and human resources records of nonprivileged investigations of issues raised by or about Plaintiff from which Plaintiff may just as easily ascertain the information known to the company.

**INTERROGATORY NO. 6:**  Please identify all African American supervisor or management level employees with Defendant in the Wyandotte County, Kansas location Plaintiff is employed at in the last 10 years.

**ANSWER:  Defendant objects to this Interrogatory because it seeks information not relevant or proportional to Plaintiff's claim that he was discriminated against based on his race.  Plaintiff does not allege he applied for any management positions, nor does his Amended Complaint contain allegations regarding the conduct of any specific supervisors or managers.  Defendant further objects to the Interrogatory as overbroad because the temporal limitation is not adequate.**

**INTERROGATORY NO. 7:**  Please identify all African Americans who were employed at Defendant's Wyandotte County, Kansas location within the last 10 years.

**ANSWER: Defendant objects to this Interrogatory because it seeks information not relevant or proportional to Plaintiff's claim that he was discriminated against based on his**

race. **Plaintiff does not allege he applied for any management positions, nor does his Amended Complaint contain allegations regarding the conduct of any specific supervisors or managers. Defendant further objects to the Interrogatory as overbroad because the temporal limitation is not adequate.**

**INTERROGATORY NO. 8:** State whether any individual identified in interrogatory number 6 or 7 have ever made a formal or informal complaint against Defendant. If yes, for each complaint, describe the facts giving rise to the complaint, state the name and contact information of the individual who complained, state the date of the incident giving rise to the complaint and the person to whom was named in the complaint, describe the final disposition of the complaint, and identify any related documents, such as any written complaints filed with Defendant, a governmental agency, and/or a court. For the purposes of this Interrogatory, "complaint" shall include any expression of concern or grievance, whether communicated orally or in writing.

**ANSWER: Defendant objects to this Interrogatory as overly broad and unduly burdensome and because it seeks information not relevant or proportional to the claims in this case. The request is not limited to claims that are relevant to Plaintiff's claim that he was discriminated against based on his race. For example, personal injury claims asserted against Defendant have nothing whatsoever to do with the claims or defenses at issue in this lawsuit. The Interrogatory does not have an adequate temporal limitation, nor is it limited to claims arising from the facility where Plaintiff works.**

**Defendant will produce charges of discrimination based on race and Petitions alleging race discrimination filed by employees at the Kansas City facility during the statutory period.**

**INTERROGATORY NO. 9:** Identify all training provided by Defendant concerning compliance with any anti-discrimination or equal employment opportunity training. Please include the date of the training and the full name of the person providing the training.

**ANSWER: Defendant objects to this Interrogatory as overbroad and unduly burdensome because it seeks information not relevant or proportional to the claims and defenses at issue in this litigation. The Interrogatory does not have an adequate temporal limitation, nor is it limited to training at the facility where Plaintiff works or to any particular employees.**

**Defendant trains new hires on its Code of Conduct and anti-harassment policies. Defendant has produced Plaintiff's training records, which are part of his personnel records. See PENTAIR GR 00001-000046.**

**INTERROGATORY NO. 10:** Identify all training, customs and other practices and the criteria since 2010 to present used in selecting candidates for management, and other leadership or promotional positions with Defendant.

**ANSWER:  Defendant objects to this Interrogatory as overbroad and unduly burdensome because it seeks information not relevant or proportional to the claims and defenses at issue in this litigation. Plaintiff does not allege he applied for any management or leadership positions. The temporal limitation is not adequate, and extends well beyond the statutory period.  The Interrogatory is vague, confusing, and overbroad in its request for "all training, customs and other practices" used in selecting candidates for management positions.**

At the facility where Plaintiff works, non-management jobs are awarded based on job bids pursuant to the Collective Bargaining Agreement. Pursuant to Rule 33(d)(1), Defendant produced the CBA in effect during the statutory period, from which the answers to this Interrogatory may be ascertained just as easily by Plaintiff.

**INTERROGATORY NO. 11:**  Identify all training provided since 2010 to present by Defendant concerning policies and procedures for reporting and/or investigating workplace injuries, safety violations or concerns, claims of harassment, discrimination or retaliation.  Please include the date of the training and the full name of the person providing the training and who all received the training (i.e. all employees, management level employees, officer personnel, etc.).

**ANSWER: Defendant objects to this Interrogatory as overbroad and unduly burdensome because it seeks information not relevant or proportional to the claims and defenses at issue in this litigation. Plaintiff does not allege he sustained a workplace injury and his claims of prohibited retaliation, harassment, and retaliation under Kansas common law have been dismissed are not at issue in this litigation.   The Interrogatory does not have an adequate temporal limitation, nor is it limited to training at the facility where Plaintiff works or to any particular employees.**

**Defendant trains new hires on its Code of Conduct and anti-harassment policies. Defendant has produced Plaintiff's training records, which are part of his personnel records.**

**INTERROGATORY NO. 12:**  Identify each email, correspondence, note, memorandum, and/or other document that was sent by Defendant or is in the Defendant's possession which contains

discussions, comments, approval, or complaints regarding Plaintiff's employment including but not limited to his discrimination and retaliation claims, job performance, activities or behavior.

**ANSWER: Defendant objects to this Interrogatory because it seeks information protected by the attorney-client privilege. Defendant further objects to this Interrogatory as overly broad and unduly burdensome and it seeks information not relevant or proportional to claims in this lawsuit. The Interrogatory is not limited in time and is not limited to any particular custodians and seems to contemplate a search of all of Defendant's records. Defendant has employed Plaintiff for more than 25 years, and the vast majority of his employment is not at issue in this lawsuit. Defendant maintains no log of its communications or meetings about Plaintiff or any other employee.**

**Pursuant to Rule 33(d)(1), Defendant produced Plaintiff's disciplinary records and human resources records of nonprivileged investigations of issues raised by or about Plaintiff from which Plaintiff may just as easily ascertain the information known to the company.**

**INTERROGATORY NO. 13:** State whether you expect to call any expert witness at trial, and, if so, provide the expert's name, address, phone number, occupation, place of employment, qualifications to give an opinion, the general nature of the subject matter on which the expert is expected to testify, and the hourly deposition fee.

**ANSWER: Defendant does not expect to call an expert witness at trial. Should Defendant retain one, it will make the disclosures required by the Court.**

**INTERROGATORY NO. 14:** Please describe in detail each communication, review, meeting, conference, or discussion you have had where you discussed Plaintiff's discrimination and

retaliation claims, job performance and/or conduct, behavior or sought information about his background or work history. Please include in your response the date of the communication, the identity of the person you communicated with, their contact information, positions of employment, and the location of the communication.

**ANSWER:  Defendant objects to this Interrogatory because it seeks information protected by the attorney-client privilege.  Defendant further objects to this Interrogatory as overly broad and unduly burdensome and it seeks information not relevant or proportional to claims in this lawsuit.  The Interrogatory is not limited in time and is not limited to any particular custodians and seems to contemplate a search of all of Defendant's records. Defendant has employed Plaintiff for more than 25 years, and the vast majority of his employment is not at issue in this lawsuit.  Defendant maintains no log of its communications or meetings about Plaintiff or any other employee.**

**Pursuant to Rule 33(d)(1), Defendant produced Plaintiff's disciplinary records and human resources records of nonprivileged investigations of issues raised by or about Plaintiff from which Plaintiff may just as easily ascertain the information known to the company.**

**INTERROGATORY NO. 15:**  Identify by name, address, telephone number and present employer, each and every person you have tried to contact, or individual believed to have knowledge of any facts relevant to Plaintiff's claims in this action or Defendant's affirmative defenses.  For each individual identified, describe what knowledge you believe the individual possesses?  If so, please state when and with whom these contacts were made and/or the dates on which you attempted to make contact with these individuals, and identify all documents concerning such conversations and all witnesses to such conversations.

**ANSWER: Defendant objects to this Interrogatory because it seeks information protected by the attorney-client privilege.  Defendant further objects to this Interrogatory because it seeks the mental impressions and strategy of counsel. Defendant further objects to this Interrogatory as facially overbroad in its request for the identity of "all documents" concerning conversations about "any facts" alleged by Plaintiff.**

> **Yolanda Villanueva,** Senior Human Resources Manager, may have knowledge regarding her interactions with Plaintiff, Plaintiff's grievances and reports to Human Resources, related investigations and responses by the company, Defendant's personnel and human resources records, and Defendant's policies and procedures.

> **Kimberly Johnson,** Human Resources Manager, may have knowledge regarding her interactions with Plaintiff; Defendant's personnel, human resources, and other records; and Defendant's policies and procedures.

> **Hamza Ahsan**, Human Resources Generalist, may have knowledge regarding interactions with Plaintiff, Plaintiff's grievances and reports to Human Resources, related investigations and responses by the company, and Defendant's policies and procedures.

> **Jerald Thomas**, Senior Assembly Supervisor, may have knowledge regarding Plaintiff's job duties and job performance, job openings within his group, and his interactions with Plaintiff.

> **Mike Cox,** Union President, may have knowledge regarding Plaintiff's grievances and related records; the process for bidding on positions and records of Plaintiff's bids; and his interactions with Plaintiff.

> ***See also* Plaintiff's and Defendant's Rule 26 disclosures and the documents produced by Plaintiff and Defendant.**

**INTERROGATORY NO. 16:**   Identify (1) the search terms utilized, and (2) the computers/systems searched or queried to locate electronically stored information ("ESI") responsive to these interrogatories and/or Plaintiff's Request for Production of Documents to you such as but not limited to (protocol and methods that you utilized to search your hard drives,

computers, servers, personal hand-held device, phones, databases, e-mail folders, document programs and applications to locate and collect all ESI).

**ANSWER: Defendant objects this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege and/or work product doctrine. Defendant has not conducted ESI searches as no reasonable requests for ESI have been made. Defendant is willing to engage in good faith discussions with Plaintiff regarding relevant custodians, appropriate search terms, and cost-sharing.**

**INTERROGATORY NO. 17:** State whether you have any insurance policy that will indemnify, in whole, or in part, against any judgments Plaintiff may obtain in the instant action. State the name and address of the company or companies issuing such insurance agreements. State the policy number, the limits of coverage for such policy.

**ANSWER: No.**

**INTERROGATORY NO. 18:** Identify whether you have any tape or audio recording in your custody or control of any comment made by any current or former employee of Defendants related to the allegations giving rise to this litigation and, if so, further identify for each recording (a) the employee(s) whose comments were recorded, (b) the approximate date and time the recording originally was made, (c) all persons who were present or who otherwise heard the comments at the time they were recorded and where those persons were located when the recording was made, (d) the person(s) who created the recording, (e) the manner in which the recording originally was made (e.g., during an in-person meeting or telephone call, using a hand-held digital recorder or

mobile phone recorder, etc.), and (f) if the recording currently is maintained in any other formats (e.g., digital file, CD, etc.).

**ANSWER:  No.**


**INTERROGATORY NO. 19:** Identify all documents of which you are aware but are not within your and/or your counsel's custody, control, or possession that support and/or relate to any of the allegations set forth in the Complaint or affirmative defense asserted by Defendant.

**ANSWER:  Defendant objects to this Interrogatory as overly broad and unduly burdensome in its request for the identity of "all documents" that merely relate to "any of the allegations set forth in the Complaint."  The Interrogatory seeks information not relevant or proportional to the claims and defenses at issue in this litigation. Defendant has no way to identify all documents, especially those possessed by others, that relate to such allegations as "[Plaintiff] resides at 7509 Crisp Avenue, Raytown, Jackson County, Missouri."**

**Defendant believes that USW 13-12 may have documents related to Plaintiff's grievances.**


**INTERROGATORY NO. 20:**  Identify the individual(s) who witnessed or have knowledge of any facts or allegations set forth in Plaintiff's Complaint or who allege that Plaintiff's allegations are false.

**ANSWER:  Defendant objects to this Interrogatory as overly broad and unduly burdensome in its request for the identity of "all witnesses" with knowledge of "any facts or allegations set forth in the Complaint."  The Interrogatory seeks information not relevant or proportional to the claims and defenses at issue in this litigation. Defendant has no way to**

identify all witnesses with knowledge of such factual allegations as "[Plaintiff] resides at 7509 Crisp Avenue, Raytown, Jackson County, Missouri." Nor can Defendant identify witnesses with knowledge of vague allegations about unidentified employees of Defendant.

Defendant incorporates by reference its Answer to Interrogatory No. 15.

**INTERROGATORY NO. 21:** Identify the positions Plaintiff has sought, applied for, or been considered for in the past 10 years, including the compensation, requirements, qualifications, identity and race of those selected for said positions, .

ANSWER:   Defendant objects to this Interrogatory as overbroad and unduly burdensome because it seeks information not relevant or proportional to the claims and defenses at issue in this litigation. The temporal limitation is not adequate, and extends well beyond the statutory period. Defendant further objects to the Interrogatory to the extent it seeks information not in the company's possession, custody or control.

Pursuant to Rule 33(d), Defendant will conduct a reasonable search for and produce records of Plaintiff's job bids during the statutory period, if any.

Respectfully submitted,

/s/ Sara K. McCallum
Jeffrey M. Place, KS #17977
Sara K. McCallum, KS #26690
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jplace@littler.com
smccallum@littler.com

ATTORNEYS FOR DEFENDANT
PENTAIR FLOW TECHNOLOGIES, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via

electronic mail, on this 15th day of May, 2020, to the following:

Gerald Gray, II
G. GRAY LAW, LLC
104 W. 9th Street, Suite 401
Kansas City, MO  64105
ggraylaw@outlook.com

ATTORNEYS FOR PLAINTIFF

/s/ Sara K. McCallum
Attorney for Defendant