## IN THE UNITED STATES DISTRICT COURT OF KANSAS

GARY ROSS                                                )
             **Plaintiff,**                    )
                              )
**v.**                                                            )          **Case No. 2:18-cv-02631-HLT-JPO**
                              )
**PENTAIR** *et al.*                                   )
             **Defendants.**               )

---

### DEFENDANT'S RESPONSES TO
### PLAINTIFF GARY ROSS' FIRST REQUEST FOR PRODUCTION

Defendant Pentair Flow Technologies, LLC, ("Pentair" or "Defendant"), makes the following responses to Plaintiff's First Request for Production of Documents to Defendant.

### DOCUMENTS REQUESTED

**REQUEST NO. 1:**  All handwritten or typed notes, kept or made by Defendant, their employees or agents, relating to, supporting or refuting the allegations made in the Complaint.

      **RESPONSE:  Defendant objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or work product doctrine.**

      **Defendant located no responsive, nonprivileged documents.**


**REQUEST NO. 2:**  Each personnel file, human resource file, or investigative file Defendant maintained on Plaintiff.  This request includes files regarding Plaintiff that were created or maintained by individual supervisors, employees, or managers.

      **RESPONSE:  Defendant objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or work product doctrine.**

Defendant has produced Plaintiff's personnel records (PENTAIR GR 000001-46) and human resources records of nonprivileged investigations of issues raised by or about Plaintiff (PENTAIR GR 000187-231).  Defendant located no other responsive documents.

**REQUEST NO. 3:**  Each document (in its native format with metadata attached) containing a description of Plaintiff's job and/or duties during Plaintiff's period of employment with Defendant. This request includes but is not limited to, job description forms and any documents mentioning any changes implemented in Plaintiff's job duties or responsibilities during Plaintiff's employment.

**RESPONSE: Defendant objects to this Request as overly broad and unduly burdensome in its request for documents that merely mention changes in Plaintiff's job duties or responsibilities and because it has no temporal limitation whatsoever.  Defendant further objects to the Request because it seeks documents not relevant or proportional to the claims in this case, particularly given that Defendant has employed Plaintiff for more than 25 years.   The vast majority of his employment is not at issue in this lawsuit. Defendant further objects to the Request to the extent it seeks documents in "native format with meta data attached."  The parties did not contemplate native format production in their joint proposed scheduling order, nor has Plaintiff demonstrated any need for such format. Defendant will produce all documents in PDF format.**

**Defendant has produced the job description for positions Plaintiff held during the statutory period.**

**REQUEST NO. 4:** Each document (in its native format with metadata attached) mentioning Plaintiff's job performance. This would include documents that are either critical or complimentary of Plaintiff's job performance.

**RESPONSE: Defendant objects to this Request as overly broad and unduly burdensome in its request for documents that merely mention Plaintiff's job performance and because it has no temporal limitation whatsoever. Defendant further objects to the Request because it seeks documents not relevant or proportional to the claims in this case, particularly given that Defendant has employed Plaintiff for more than 25 years. The vast majority of his employment is not at issue in this lawsuit. Defendant further objects to the Request to the extent it seeks documents in "native format with meta data attached." The parties did not contemplate native format production in their joint proposed scheduling order, nor has Plaintiff demonstrated any need for such format. Defendant will produce all documents in PDF format.**

**Defendant has produced Plaintiff's personnel records. *See* PENTAIR GR 000001-46.**

**REQUEST NO. 5:** Each document (in its native format with metadata attached) evidencing discipline, warnings, write-ups, performance improvement plans issued or recommend concerning Plaintiff.

**RESPONSE: Defendant objects to the Request as overly broad and unduly burdensome because it is not limited in time. Defendant objects to the Request to the extent it seeks documents in "native format with meta data attached." The parties did not contemplate native format production in their joint proposed scheduling order, nor has**

Plaintiff demonstrated any need for such format.  Defendant will produce all documents in PDF format.

Defendant has produced Plaintiff's personnel records, which include records of discipline issued to Plaintiff.  *See* PENTAIR GR 000001-46

**REQUEST NO. 6:**  Each document of any kind, including records, notes, memoranda, notes of oral communication, video recordings, audio recordings or any other form of media, which relate to Plaintiff but are not included in Plaintiff's personnel file, human resource file, or any files maintained by individual managers or supervisors.

**RESPONSE: Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case.  The Request seeks documents that merely "relate to Plaintiff" with no time limitation. It does not identify custodians, and seemingly contemplates a search of all records maintained by all employees for any document that has anything whatsoever to do with Plaintiff. The Request lacks the required reasonable particularity. Defendant further objects to the extent the Request seeks documents protected from discovery by the attorney-client privilege and/or the work product doctrine.**

**Defendant refers Plaintiff to its response to Request No. 2.**

**REQUEST NO. 7:**  Each email, memorandum, letter, or other document (in their native formats with all metadata attached) containing any allegation that Plaintiff violated any of Defendant's policies or procedures.

**RESPONSE: Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case.  It contains no time limitation and does not identify custodians, and seemingly contemplates a search of all electronic resources of Defendant. Defendant has employed Plaintiff for more than 25 years, and the vast majority of his employment is not at issue in this lawsuit.  Defendant objects to the Request to the extent it seeks documents in "native format with meta data attached."  The parties did not contemplate native format production in their joint proposed scheduling order, nor has Plaintiff demonstrated any need for such format.  Defendant will produce all documents in PDF format.  Defendant further objects to the extent the request seeks documents protected from discovery by the attorney-client privilege and/or the work product doctrine.**

**Defendant is willing to engage in good faith discussions with Plaintiff regarding relevant custodians, appropriate search terms, and cost-sharing.**

**REQUEST NO. 8:**  All documents reflecting any communications between you (or anyone on your behalf) and any current or former employee of Defendant related to the allegations of the Complaint which include but is not limited to statements and affidavits.

**RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case.  It contains no time limitation and does not identify custodians, and seemingly contemplates a search of all electronic resources of Defendant. Defendant has employed Plaintiff for more than 25 years,**

and the vast majority of his employment is not at issue in this lawsuit. Defendant objects to the Request to the extent it seeks documents in "native format with meta data attached." The parties did not contemplate native format production in their joint proposed scheduling order, nor has Plaintiff demonstrated any need for such format. Defendant will produce all documents in PDF format.

Defendant has produced human resources records of nonprivileged investigations of issues raised by or about Plaintiff, including any nonprivileged statements. *See* PENTAIR GR 000187-231.

REQUEST NO. 9:    All documents reflecting any communications between you (or anyone on your behalf) and any third-party regarding Plaintiff's employment with Defendant, or any facts/events that form the basis of the allegations in the Complaint.

RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case. It contains no time limitation and does not identify custodians, and seemingly contemplates a search of all electronic resources of Defendant. Defendant has employed Plaintiff for more than 25 years, and the vast majority of his employment is not at issue in this lawsuit. Defendant objects to the Request to the extent it seeks documents in "native format with meta data attached." The parties did not contemplate native format production in their joint proposed scheduling order, nor has Plaintiff demonstrated any need for such format. Defendant will produce all documents in PDF format.

**Defendant has conducted a reasonable search and produced documents received from and submitted to the EEOC and NLRB in response to charges filed by Plaintiff.  *See* PENTAIR GR 000006-28; 000175-186. Defendant will also produce files obtained from the EEOC which may contain responsive documents.**

**REQUEST NO. 10:**  All documents reflecting any communications between you (or anyone on your behalf) and any government agency, board, commission, or other such entity concerning Plaintiff's employment with Defendant, or any facts/events that form the basis of the allegations in the Complaint.

**RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case.  The request is not limited in time.  Defendant has employed Plaintiff for more than 25 years, and the majority of his employment is not at issue in this litigation.  The request for documents reflecting communications with any "other such entity" lacks the requisite particularity.**

**Defendant has conducted a reasonable search and produced documents received from and submitted to the EEOC and NLRB in response to charges filed by Plaintiff.  *See* PENTAIR GR 000006-28; 000175-186. Defendant will also produce files obtained from the EEOC which may contain responsive documents.**

**REQUEST NO. 11:**  All documents memorializing, constituting, or relating to any unlawful conduct alleged of Defendant, or its employees or agents committed against Plaintiff during his

employment with Defendant.

**RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case. It contains no time limitation. Defendant has employed Plaintiff for more than 25 years, and the majority of his employment is not at issue in this litigation.**

**Defendant has produced human resources records of nonprivileged investigations of issues raised by or about Plaintiff. Defendant has conducted a reasonable search and produced documents received from and submitted to the EEOC and NLRB in response to charges filed by Plaintiff. Defendant will also produce files obtained from the EEOC which may contain responsive documents.**

**REQUEST NO. 12:** All documents relating to alleged discipline, counseling, warnings, suspension, or other write-ups that Plaintiff received while employed with Defendant.

**RESPONSE: Defendant objects to this request as duplicative of Request No. 5, and incorporates by reference its objections and response to that request. Defendant objects to the request as overbroad and unduly burdensome in its request for documents that merely relate to discipline issued to Plaintiff during his employment.**

**REQUEST NO. 13:** Each document, including, but not limited to, emails, text messages, electronically stored information ("ESI") (in their native format containing all metadata) or reports that were drafted, written, typed, created by or received by any current or former employee,

manager or supervisor of  Defendant that mentions Plaintiff or his allegations of discrimination, harassment, hostile work environment and/or retaliation.  This includes communication, emails and/or documents received, reviewed or drafted by human resource employees.

**RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case.  It contains no time limitation and does not identify custodians, and seemingly contemplates a search of all electronic resources of Defendant. Defendant has employed Plaintiff for more than 25 years, and the vast majority of his employment is not at issue in this lawsuit.  Defendant objects to the Request to the extent it seeks documents in "native format with meta data attached." The parties did not contemplate native format production in their joint proposed scheduling order, nor has Plaintiff demonstrated any need for such format.  Defendant will produce all documents in PDF format.**

**Defendant has produced human resources records of nonprivileged investigations of issues raised by or about Plaintiff.  Defendant has conducted a reasonable search and produced documents received from and submitted to the EEOC and NLRB in response to charges filed by Plaintiff.  Defendant will also produce files obtained from the EEOC which may contain responsive documents.**

**REQUEST NO. 14:** All documents reflecting or relating to any administrative or civil proceeding to which you have been a party within the last 10 years.

**RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case. The request is not limited to "administrative or civil proceedings" that are relevant to Plaintiff or his claim that he was discriminated against based on his race and the temporal limitation is inadequate.**

**Defendant will produce charges of discrimination based on race and Petitions alleging race discrimination filed by employees at the Kansas City facility during the statutory period.  *See* PENTAIR GR 000166-174.**

REQUEST NO. 15:  Any and all documents in Defendant's possession, custody or control regarding any medical condition, accommodation or treatment Plaintiff received.

**RESPONSE: Defendant objects to this Request because it seeks documents not relevant or proportional to the claims or defenses in this litigation, specifically Plaintiff's claim that he was discriminated against based on his race.**

REQUEST NO. 16:  Each document you relied on containing policies, manuals, guidelines or procedures in existence at the time of Plaintiff's employment regarding reporting workplace injuries, discrimination, harassment and/or retaliation or other claims.

**RESPONSE: Defendant objects to this Request because it seeks documents not relevant or proportional to the claims or defenses in this litigation, specifically Plaintiff's claim that he was discriminated against based on his race.  The Request is overly broad and**

unduly burdensome because it is not limited temporally or geographically, nor is it limited to policies applicable to Plaintiff.

Defendant has produced the Collective Bargaining Agreement, anti-harassment policy and Code of Conduct applicable to Plaintiff and other employees at his work location during the statutory period.  *See* **PENTAIR GR 000047-127; 000141-160.**

**REQUEST NO. 17:**  Each document you relied on containing policies, manuals, guidelines or procedures in existence at the time of Plaintiff's employment regarding employee benefits.

**RESPONSE: Defendant objects to this Request because it seeks documents not relevant or proportional to the claims or defenses in this litigation, specifically Plaintiff's claim that he was discriminated against based on his race.  The Request is overly broad and unduly burdensome because it is not limited temporally or geographically, nor is it limited to policies applicable to Plaintiff.  Defendant has employed Plaintiff for more than 25 years. Plaintiff is a current employee and benefits are not at issue in this case.**

Defendant has produced the Collective Bargaining Agreement(s) applicable to Plaintiff's employment that were in effect during the statutory period.  *See* **PENTAIR GR 000047-127.**

**REQUEST NO. 18:**  Produce each personnel file, human resource file, or investigative/disciplinary file maintained on Plaintiff's managers and supervisors since joining Defendant. This request includes files that were created and/or maintained by individual managers.

**RESPONSE: Defendant objects to this Request because it is overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims or**

defenses in this case.  Defendant has employed Plaintiff for more than 25 years, and the majority of his employment is not at issue in this litigation. The Request contains no time limitation or limitation to employees accused of wrongful conduct. Defendant further objects because the Request seeks confidential personnel documents.

**REQUEST NO. 19:**  Produce all communication/correspondence records for the time period of 2010 to present related to Plaintiff's complaints and/or job performance and duties.

> **RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case.  Its time limitation is overbroad, and the Request does not identify custodians, and seemingly contemplates a search of all electronic resources of Defendant over a period of 10 years.**

> **Defendant is willing to engage in good faith discussions with Plaintiff regarding relevant custodians, appropriate search terms, and cost-sharing.**

**REQUEST NO. 20:**  Produce each document evidencing any policies and procedures, rules and regulations followed by Defendant regarding the creation and maintenance of employee personnel files, including where such files are stored and who may have access to those files.

> **RESPONSE: Defendant objects to this Request because it is overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims or defenses in this case.  The Request is not limited temporally or geographically or to policies**

that apply to Plaintiff. Defendant has employed Plaintiff for more than 25 years, and the majority of his employment is not at issue in this litigation.

Defendant will search for and produce responsive policies regarding personnel records in effect at the location where Plaintiff worked during the statutory period.

**REQUEST NO. 21:**  Each document in your possession from any charge, complaint (including those made within the company), investigation or civil action alleging race or disability discrimination, harassment, and retaliation against Defendant within the last 10 years or filed with any state or federal agency or court by any prior or current employee, administrator, manager or supervisor.

**RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case. The request is not limited to charges, complaints, civil actions, and investigations that are relevant to Plaintiff or his claim that he was discriminated against based on his race.  The Request does not have an adequate temporal limitation, nor is it limited to charges/complaints arising from the facility where Plaintiff works.**

**Defendant will produce charges of discrimination based on race and Petitions alleging race discrimination filed by employees at the Kansas City facility during the statutory period.  *See* PENTAIR GR 000166-174.**

**REQUEST NO. 22:**  All documents provided by any and all experts contracted with and/or retained by you for purposes of the Complaint, including but not limited to curriculum vitae and reports rendered.

**RESPONSE:  Defendant has not retained any experts in this case.  If it does so, Defendant will make the disclosures required by the Court.**

**REQUEST NO. 23:**  All documents you intend to use as exhibits in the above-captioned action.

**RESPONSE: Defendant objects to this request as premature, and insofar as it seeks the mental impressions or strategy of counsel, which are protected by the work product doctrine.**

**Defendant anticipates it will use as exhibits at trial documents produced by both parties in discovery.  Defendant will submit an exhibit list in advance of trial in accordance with the Court's orders.**

**REQUEST NO. 24:**  Produce each listing, employee directory, or roster of African American employees of Defendant at their Wyandotte County location during the last 10 years and provide the contact information for those individuals.

**RESPONSE: Defendant objects to this Request as overly broad and unduly burdensome and because it seeks information not relevant or proportional to the claims in this lawsuit.  The temporal limitation is inadequate.  Defendant further objects to the Request to the extent it purports to seek information rather than documents.**

**Defendant maintains no such roster.**

**REQUEST NO. 25:**  Any and all documents you believe refutes Plaintiff's claim for punitive damages in this matter.

**RESPONSE: Defendant objects to this insofar as it seeks the mental impressions or strategy of counsel, which are protected by the work product doctrine. Parties have no obligation in discovery or otherwise to disclose the purpose for which they will use documents.**

**Defendant anticipates the documents produced by both parties in discovery will refute Plaintiff's claim for punitive damages.**

**REQUEST NO. 26:**  All documents containing tape or audio recordings of any comments, remarks, or statements made by any current or former employee of Defendant to you or to any other current or former employee of Defendant in your possession or control, including but not limited to, recording of in-person and telephonic communication concerning the matters asserted in the Complaint.

**RESPONSE: None.**

**REQUEST NO. 27:**  All transcripts of all tape and audio recordings of any comments, remarks, or statements made by any current or former employee of Defendant to you or to any other current or former employee of Defendant in your possession or control, including but not limited to, recording of in-person and telephonic communication concerning the matters asserted in the Complaint.

**RESPONSE: None.**

**REQUEST NO. 28:** All documents relating to any complaint or grievance, oral or written, that was made by any current or former employee of Defendant regarding discrimination or retaliation in the last 10 years.

**RESPONSE: Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant objects to this Request as overly broad and unduly burdensome and because it seeks documents not relevant or proportional to the claims in this case. The request is not limited to grievances filed by any particular employee(s), to the location where Plaintiff worked, or to grievances relevant to Plaintiff or his claim that he was discriminated against based on his race. The temporal limitation is inadequate.**

**Defendant has produced records of grievances filed by Plaintiff and its responses to the same. See PENTAIR GR 000006-28; 000128-140; 000187-188.**

**REQUEST NO. 29:** Any and all documents that support or refute Plaintiff's allegation that he was subjected to unlawful discrimination or harassment due to his race.

**RESPONSE: Defendant objects to this insofar as it seeks the mental impressions or strategy of counsel, which are protected by the work product doctrine. Parties have no obligation in discovery or otherwise to disclose the purpose for which they will use documents. Defendant further objects to this Request because it seeks documents not relevant to the claims in this litigation. Plaintiff's harassment claims were dismissed. Defendant further objects to the Request as facially overbroad in its request for "any and all" documents.**

**Defendant anticipates the documents produced by both parties in discovery will refute Plaintiff's allegation that he was discriminated against based on his race.**

REQUEST NO. 30:  Any and all documents that support or refute Plaintiff's allegation that he was subjected to retaliation.

**RESPONSE: Defendant objects to this insofar as it seeks the mental impressions or strategy of counsel, which are protected by the work product doctrine. Parties have no obligation in discovery or otherwise to disclose the purpose for which they will use documents.  Defendant further objects to this Request because it seeks documents not relevant to the claims in this litigation. Plaintiff's retaliation claims were dismissed. Defendant further objects to the Request as facially overbroad in its request for "any and all" documents.**

REQUEST NO. 31:  Each insurance policy and agreements which may indemnify Defendant against any judgment which Plaintiff may obtain in the instant case.

**RESPONSE: None.**

REQUEST NO. 32:  Any and all documents that support or refute Plaintiff's allegation that he applied for and was denied several promotional opportunities with Defendant.

**RESPONSE: Defendant objects to this insofar as it seeks the mental impressions or strategy of counsel, which are protected by the work product doctrine. Parties have no obligation in discovery or otherwise to disclose the purpose for which they will use documents.**

**Defendant has produced Plaintiff's personnel records. Defendant will conduct a reasonable search and produce records of job bids Plaintiff submitted during the statutory period, if any.**

**REQUEST NO. 33:**  Any and all documents that support or refute Plaintiff's allegation that he "notified the corporate office/human resources of Pentair [of] issues related to discrimination, harassment, and hostile work conditions that [you] had documented and previously reported to management…"  as alleged in the Complaint.

**RESPONSE: Defendant objects to this insofar as it seeks the mental impressions or strategy of counsel, which are protected by the work product doctrine. Parties have no obligation in discovery or otherwise to disclose the purpose for which they will use documents.  Defendant further objects to this Request because it seeks documents not relevant to the claims in this litigation. Plaintiff's retaliation claims were dismissed.  The Request lacks the requisite particularity, as it is not clear to whom "you" refers.**

**Defendant has produced human resources records of nonprivileged investigations of issues raised by or about Plaintiff.**

**REQUEST NO. 34:**  All medical records in your possession that relate or refer to any alleged illness, condition, medical event, medical emergency, surgery, and/or injury experienced or sustained by Plaintiff that's attributed to his employment with Defendant, including but not limited to, alleged emotional distress.

**RESPONSE: Defendant objects to this Request because it seeks documents not relevant or proportional to Plaintiff's claim that he was discriminated against based on his**

**race.  The Request is overly broad and unduly burdensome in that it has no temporal limitation.**

**REQUEST NO. 35:**  All documents not encompassed by the requests above that relate to, support or refute the allegations in the Complaint.

> **RESPONSE:  Defendant objects to this Request because it seeks documents protected by the attorney-client privilege and the work product doctrine.  Defendant further objects to the Request because it lacks the requisite particularity, and is overbroad and unduly burdensome.**

**REQUEST NO. 36:**  All documents identified in, referred to, or relating to your answers to Plaintiff's First Set of Interrogatories.

> **RESPONSE: Defendant objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or work product doctrine.  Defendant will produce any documents identified pursuant to Fed. R. Civ. P. 33(d)(1) in its answers to Interrogatories.  Defendant otherwise incorporates by reference its objections to Interrogatories 1 through 21 as if fully stated here.**

**REQUEST NO. 37**: A photograph of any current or former employee of Defendant who was named in Plaintiff's Complaint, or his answers and objections to Defendant's First Interrogatories and Request for Production of Documents; as well as anyone named in Defendant's answer or responses to Mr. Ross' First Interrogatories and request for Production of Documents to Defendant.

**RESPONSE:   Defendant objects to this Request as overly broad and unduly burdensome and because it seeks information not relevant or proportional to the claims in this lawsuit.   Photographs of employees do not relate in any way to Plaintiff's claim that he was discriminated against based on his race.   The Request also lacks the requisite particularity. Plaintiff did not identify employees by name in his Complaint.   Defendant has no way to know whether Plaintiff intends to identify employees in his responses to written discovery.**

Respectfully submitted,


/s/ Sara K. McCallum
Jeffrey M. Place, KS #17977
Sara K. McCallum, KS #26690
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jplace@littler.com
smccallum@littler.com

ATTORNEYS FOR DEFENDANT
PENTAIR FLOW TECHNOLOGIES, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via

electronic mail, on this 15th day of May, 2020, to the following:

Gerald Gray, II
G. GRAY LAW, LLC
104 W. 9th Street, Suite 401
Kansas City, MO  64105
ggraylaw@outlook.com

ATTORNEYS FOR PLAINTIFF

/s/ Sara K. McCallum
Attorney for Defendant