UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY ROSS,

    Plaintiff,

    v.                                              Case No. 18-2631-HLT

PENTAIR FLOW TECHNOLOGIES, LLC,

    Defendant.

## **ORDER**

The plaintiff, Gary Ross, has filed a motion to compel (ECF No. 39) seeking supplemental discovery responses to 18 interrogatories and 33 requests for production served on the defendant, Pentair Flow Technologies, LLC. Defendant opposes the motion, arguing plaintiff has failed to confer pursuant to federal and local rules (ECF No. 40). Defendant also substantively opposes the motion, arguing the discovery does not seek relevant information. For the reasons explained below, the court denies plaintiff's motion to compel.

Efforts to Confer

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiff's motion. Fed. R. Civ. P. 37(a)(1) requires motions to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In addition, D. Kan. R. 37.2 states,

The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The court takes these conference requirements seriously. Failure to confer alone is a sufficient basis for denial of a discovery motion.[1] The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[2] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere."[3] The court looks at all surrounding circumstances to determine whether the movant's efforts

---

[1] *Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2018 WL 5923487, at *7 (D. Kan. Nov. 13, 2018).

[2] *Heglet v. City of Hays, Kan.*, No. 13-228, 2014 WL 2865996, at *1 (D. Kan. June 24, 2014); *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014); *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[3] *Activision TV, Inc.,* 2014 WL 789201, at *2 (quoting *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007)).

2

to confer were reasonable.⁴ That includes looking beyond the sheer quantity of contacts and examining their quality, as well.⁵

Plaintiff served the discovery at issue on March 26, 2020.⁶ After receiving an extension, defendant served responses on May 15, 2020,⁷ then produced records from a third party on June 5, 2020.⁸ Plaintiff's counsel sent a "golden-rule" letter on June 21, 2020, which defense counsel asserts "largely repeated broad, nonspecific, boilerplate challenges" to defendant's responses.⁹ Plaintiff's counsel represents he invited defense counsel to confer about the letter.¹⁰

On June 27, 2020, plaintiff's counsel e-mailed the court regarding this discovery dispute. The court filed a docket entry explaining a telephone conference didn't make sense at that stage because the court didn't have copies of the discovery, and the scope of the dispute seemed too large to decide via telephone conference.¹¹ Notably, the court

---

⁴ *Id.* (quoting *Wilbert v. Promotional Res., Inc.*, No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999)).

⁵ *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404-JWL, 2012 WL 359877, at *1 (D. Kan. Feb. 2, 2012).

⁶ ECF No. 32.

⁷ ECF No. 34.

⁸ ECF No. 40 at 2.

⁹ *Id.*

¹⁰ ECF No. 39 at 1-2.

¹¹ ECF No. 37.

indicated "plaintiff's counsel hasn't really satisfied the meet-and-confer requirement."[12] The court instructed the parties to re-double their efforts to resolve their disputes by July 2, 2020.[13] Plaintiff was directed to file any motion to compel by July 6, 2020.[14]

By plaintiff's counsel's own admission, he "was not able to contact opposing counsel to discuss the discovery issues at hand" before filing the motion to compel.[15] Plaintiff's counsel represents his calls went unreturned,[16] and defense counsel "never gave plaintiff an opportunity to meet and confer/discuss the necessity of the discovery sought."[17] The record indicates plaintiff's counsel sent an e-mail to defense counsel on June 29, 2020, asking for available times to confer.[18] Defense counsel, in contrast, represents the parties did confer, and she advised plaintiff's counsel she'd provide a written response by July 2, 2020, which she did, albeit late on the evening of the court's deadline.[19] Defense counsel offered to continue the discussion via telephone.[20] Rather than confer further, plaintiff's

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] ECF No. 39 at 2.

[16] *Id.*

[17] ECF No. 42 at 1.

[18] ECF No. 40-1 at 66.

[19] ECF No. 40 at 3.

[20] *Id.*

counsel filed the instant motion in the early hours of July 3, 2020.[21]  Plaintiff's counsel represents this was, in part, because of "impending Independence Day obligations."[22]

Both made some attempts to confer, but overall those attempts have been insufficient to meet the requirements of the local and federal rules.  Plaintiff's counsel says as much, asserting "[d]efendant misrepresents to the court that the parties met and conferred as ordered."[23]  Indeed, plaintiff's counsel sets forth the relevant Rule 37 standard in his reply.[24]  Notwithstanding the holiday weekend that fell during this time, the parties had an obligation to confer in good faith, or file a joint motion for a brief extension so they could adequately confer.  Given the present record, the court concludes the parties were in the middle of hopefully-productive efforts to resolve their disputes or at least narrow down the considerable list, before this motion was filed.  The court will address discovery disputes as necessary, but not as a substitute for the parties' obligation to do so themselves.  Accordingly, the court directs the parties to confer, in good faith, about the discovery responses by **July 31, 2020**.  If disputes remain at that time, plaintiff may re-file a motion to compel.

IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 39) is denied.

---

[21] *Id.*

[22] *Id.*

[23] ECF No. 42 at 2.

[24] *Id.*

Dated July 17, 2020, at Kansas City, Kansas.

                                                   s/ James P. O'Hara
                                                  James P. O'Hara
                                                  U. S. Magistrate Judge