UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY ROSS,

      Plaintiff,

      v.                                     Case No. 18-2631-HLT

PENTAIR FLOW TECHNOLOGIES, LLC,

      Defendant.

## **ORDER**

      Plaintiff, Gary Ross, is employed with defendant, Pentair Flow Technologies, LLC, at its Wyandotte County, Kansas, location, and has brought a race discrimination claim under 42 U.S.C. § 1981.[1]  Specifically, plaintiff argues management has discriminated against him "in the form of lost job opportunities and arbitrary discipline in comparison with non-African-American similarly-situated employees."[2]

      Plaintiff served the relevant discovery on March 26, 2020.[3]  Defendant served its responses on May 15, 2020.[4]  The court previously denied plaintiff's motion to compel for failure to properly confer under the local and federal rules.[5]  The court directed the parties

---

[1] ECF No. 13.  Plaintiff's other claims were dismissed on December 9, 2019.  ECF No. 29.

[2] ECF No. 52 at 1.

[3] ECF No. 32.

[4] ECF No. 34.

[5] ECF No. 43.

to confer by July 31, 2020 and, if necessary, re-file a motion to compel.  The parties conferred and had a telephone conference with the court on July 29, 2020, during a break in plaintiff's deposition.[6]  Based on the resulting briefing, the court is not entirely sure which discovery requests were the subject of the parties' discussions, but the court accepts their representation that they adequately conferred for the purposes of filing this motion. Plaintiff filed the instant motion on July 31, 2020 (ECF No. 52), which defendant opposes (ECF No. 56).  For the reasons discussed below, the court denies plaintiff's motion to compel.

Analysis

Rule 26(b) of the Federal Rules of Civil Procedure states that the parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case."[7]  The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[8] Although the court still considers relevance, the previous language defining relevance as

---

[6] ECF No. 48; ECF No. 52 at 3.

[7] Fed. R. Civ. P. 26(b)(1).  The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*

[8] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

"reasonably calculated to lead to the discovery of admissible evidence," was deleted in the 2015 amendment "because of it was often misused to define the scope of discovery and had the potential to 'swallow any other limitation.'"[9] As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[10]

Plaintiff has moved for an order directing defendant to respond to various discovery requests, but his motion lacks both coherent structure and substantive argument. It does not clearly set forth which discovery requests actually remain at issue, beyond referencing a couple of requests and a couple sentences about defendant's refusal to provide them. Plaintiff initially mentions defendant's relevance and proportionality objections for fifteen interrogatories (2, 4-12, 14, 16, 19, 20, 21) and 27 RFPs (3, 21, 24, 28-30, 33-35, 37),[11] but pulls out only a few of those requests to make a brief argument why they are relevant. Defendant's response more clearly lays out the sets of discovery requests that are apparently in dispute. Plaintiff did not file any reply in support of his motion, so the court is left to largely follow defendant's structure.

---

[9] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018).

[10] *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *1–2 (D. Kan. Nov. 19, 2018).

[11] ECF No. 52 at 2.

Interrogatory No. 1

Plaintiff doesn't cite this interrogatory specifically, but by the language in the motion, appears to reference Interrogatory No. 1, which reads: "Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with preparing your answers to these interrogatories and accompanying request for production, other than your attorney."[12]

Plaintiff argues this information is relevant to identify who should be deposed in this case.  Defendant doesn't address this interrogatory in its response, ostensibly because plaintiff didn't explicitly cite it in his motion.  In reviewing the discovery request, defendant's original response asserts attorney-client privilege and work-product protection.[13]  Plaintiff doesn't address either of these privileges in his motion.  Rather, plaintiff merely states "evidence of discrimination and retaliation are often intertwined," citing *Mathis v. Boeing Military Airplane Co.*, 719 F. Supp. 991 (D. Kan. 1989).  But plaintiff makes no further argument or application of this case, and what's more, the holding in *Mathis* was abrogated by *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995) and is no longer good authority.[14]  Without addressing the actual objections

---

[12] ECF No. 52-1 at 1.

[13] *Id.*

[14] *Silver v. CPC-Sherwood Manor, Inc.*, 151 P.3d 127, 129 (Okla. 2006).

defendant has made, plaintiff hasn't shown why this information is discoverable and not privileged.  The court will not overrule defendant's objection.

Interrogatory No. 2

Interrogatory No. 2 reads: "State whether plaintiff, or anyone named or identified in plaintiff's petition for damages was ever investigated, disciplined, warned, written-up, suspended, or placed on a performance improvement plan. If the answer is in the affirmative, identify each individual involved in issuing the discipline, warning, write-up, suspension, action plan or performance improvement plan, the date for each such action, and the reason for each such action.  Identify each individual by name, last known address and phone number, position and dates of employment."

Courts in this district have generally held that an individual's employment records are relevant and/or reasonably calculated to lead to the discovery of admissible evidence if he or she "(1) is alleged to have engaged in the retaliation or discrimination at issue, (2) is alleged to have played an important role in the decision or incident that gives rise to the lawsuit, or (3) is a key witness to the events giving rise to the lawsuit."[15]  In employment discrimination cases, particularly under Title VII, the scope of discovery is broad and depends heavily on the particular circumstances of the case.  An employer's general practices may be relevant even when a plaintiff is asserting an individual claim for disparate

---

[15] *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1259–60 (D. Kan. 2008).

5

treatment.[16]  "When the motive or intent of a defendant employer is at issue, information concerning its conduct toward employees other than the plaintiff is relevant."[17]

Defendant objects that this request is overly broad.  When a request is overly broad on its face, the party seeking the discovery has the burden to show the relevance of the request.[18]  Seeking the records of named employees for a clear reason is one thing; seeking the disciplinary history of anyone else mentioned in the amended complaint may be overly broad without further context.

Plaintiff represents defense counsel has indeed agreed to provide this information if plaintiff identified the individuals whose records he sought.  But by plaintiff's own representation, that was on the condition of plaintiff explaining the basis for inquiring about those names.[19]  Defendant states plaintiff hasn't named these individuals in his amended complaint or even explained who he has referred to in his own discovery responses, which has "left defendant with no way to determine who plaintiff believed participated in wrongful conduct or was similar situated to plaintiff."[20]  The parties are free to agree on the scope of relevant witnesses on their own.  But on the record brought before the court, plaintiff has not shown why this information is relevant.  The court denies the motion to

---

[16] *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652–53 (D. Kan. 2004).

[17] *Id.*

[18] *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 542 (D. Kan. 2006).

[19] ECF No. 52 at 3.

[20] ECF No. 56 at 7.

compel this interrogatory as written but directs the parties to further confer to narrow the scope and produce the agreed-upon information.

Interrogatory Nos. 6-8

Collectively, these interrogatories seek to identify all African-American employees and supervisors over the past 10 years at the facility where plaintiff works and identify whether they've filed any formal or informal complaints against defendant.[21]   Defendant represents it has produced other "charges of discrimination based on race and petitions filed during the statutory period alleging race discrimination filed by employees or former employees at the same facility as plaintiff."[22]   Defendant contends plaintiff hasn't shown how other non-race-based complaints are relevant.

The court agrees with defendant.   For the same reasons discussed above, information about other employees might be relevant.   But beyond reiterating his request in the motion and stating defendant "did not produce any documents or information related to any other employees,"[23] plaintiff has offered no factual or legal support for the request. Plaintiff asserts the request is sufficiently narrow in geographic scope but doesn't show why the names of all other African-American employees are relevant to his own individual claims in this case.   Merely stating in his motion that defendant refused to provide certain

---

[21] ECF No. 52-1 at 5-6.

[22] ECF No. 56 at 6.

[23] ECF No. 52 at 2.

7

information isn't sufficient.  The court sustains defendant's objections as to Interrogatory Nos. 6 and 7 and finds its response to Interrogatory No. 8 is sufficient.

<u>Request No. 24</u>

This request seeks "each listing, employee directory, or roster of African-American employees" at plaintiff's work location.  Defendant objected to the request as overly broad, irrelevant, and not limited in time.  Notwithstanding the objections, defendant answered it does not maintain a roster of African-American employees.[24]

The court notes defendant has asserted conditional objections here and in other responses.   Conditional objections occur "when a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections."[25]  To be clear, such objections "preserve nothing and serve only to waste the time and resources of both the parties and the court."[26] Several of defendant's responses do just that: object to the request, then answer it anyway.[27]  The court strongly reminds defendant that conditional objections are not appropriate.  However, defendant has apparently answered the request in full and plaintiff makes no further argument about this relevance of the request, beyond

---

[24] ECF No. 52-2 at 14.

[25] *U, Inc. v. ShipMate, Inc.*, No. 2:14-CV-2287-JTM-TJJ, 2015 WL 3822731, at *3 (D. Kan. June 19, 2015).

[26] *Id.*

[27] *See* ECF No. 52-2.

stating defendant refused to provide this information.[28]   The court deems defendant's response to be adequate.

Request No. 28

    This request seeks "all documents relating to any complaint or grievance, oral or written, that was made by any current or former employee of defendant regarding discrimination or retaliation in the last 10 years."[29]   Again, defendant represents it has produced other employees' charges of racial discrimination and petitions filed during the statutory period.[30]   And again, the court notes defendant's conditional objections. However, plaintiff makes no argument about the relevance of this request, beyond stating defendant refused to provide these documents.  The court deems defendant's response to be adequate.

Request No. 37

    This request seeks photographs of current or former employees named in plaintiff's amended complaint or discovery responses.[31]   Defendant opposes the request on relevance grounds.  Once more, plaintiff makes no argument about the relevance of this request, other than noting defendant has refused to provide the photographs.  Without any further argument, the court declines to grant this request.

---

[28] ECF No. 52-1 at 14.

[29] *Id.* at 16.

[30] ECF No. 56 at 6.

[31] ECF No. 52-1 at 19-20.

Request No. 18

Elsewhere in his motion, plaintiff references a request of "personnel files of accused wrongdoers and possible 'me too' witnesses identified."[32]  But plaintiff doesn't make any direct argument about this request – indeed, he doesn't even cite which request it is. Defendant's response identifies the request as Request No. 18, which seeks each "personnel file, human resource file, or investigative or disciplinary file maintained on plaintiff's managers and supervisors since joining defendant."[33]  Defendant represents plaintiff has not named any managers whose files are requested or who are accused of wrongful conduct.  The court agrees the request is overly broad and, with no analysis of why personnel files are relevant, sustains defendant's objection.

As a general matter, plaintiff hasn't made any effort to explain why any of his requests are relevant.  The federal and local rules, in addition to ample case law, set forth the guidelines for discovery practice in this court.  Plaintiff cannot rely on an argument that essentially states, "I asked for this information and defendant wrongfully refused to provide it" without offering anything more.  It should go without saying, but the court is not inclined to construct plaintiff's arguments or conduct discovery for him, particularly when plaintiff has counsel for that purpose.

IT IS THEREFORE ORDERED that plaintiff's second motion to compel (ECF No. 52) is denied.

_____

[32] ECF No. 52 at 3.

[33] ECF No. 56 at 4.

10

Dated September 3, 2020, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                     James P. O'Hara
                                     U. S. Magistrate Judge